*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VITTORIO INFANTI | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-6934(FLW) |
| MANDALAY BAY RESORT & CASINO, *et al.* | : | OPINION |
| Defendant. | : | |

**WOLFSON, United States District Judge**:

Plaintiff Vittorio Infanti's ("Plaintiff") three-count Complaint sounds in negligence, and arises out of alleged injuries Plaintiff sustained while on the premises of the Mandalay Bay Resort & Casino ("Mandalay Bay") in Las Vegas, Nevada.  Presently before the Court is Defendant Mandalay Corporation's ("Defendant")[1] motion to dismiss the Complaint pursuant to Fed. R. Civ P. 12(3) for improper venue, or in the alternative to transfer the action.  For the following reasons, the Court, pursuant to 28 U.S.C. § 1404(a), transfers this matter to the to the United States District Court for the District of Nevada.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff is a New Jersey resident.  Compl.  On or around October 25, 2011, Plaintiff was staying as a guest at the Mandalay Bay in Las Vegas Nevada and, when returning to his room

---

[1] Plaintiff pled Defendant as "Mandalay Bay Resort & Casino," which Defendant contends not a proper defendant entity. Plaintiff has also voluntarily dismissed claims against all other originally pled named defendants. *See* Dkt. No. 1 (Notice of Removal), Ex. C.

[2] The following facts are taken from the Complaint and the parties' affidavits submitted in connection with the motion to dismiss.

1

that night, was approached by two unknown male individuals. *Id.* at Count One, ¶ 1. These men attacked Plaintiff,[3] causing him to sustain serious injuries that required medical care. *Id.* at ¶¶ 1-3. On September 30, 2013, Plaintiff filed a three-count Complaint in the Superior Court of New Jersey against Defendant. In Count One, Plaintiff brings a negligence claim against Defendant, arising out of its failure to prevent Plaintiff's injuries. In Count Two, Plaintiff brings the same claim against unknown defendants who may also be liable for Plaintiff's injuries. In Count Three, Plaintiff brings the same claim against any predecessor or successor in interest to Defendant. Defendant timely removed Plaintiff's Complaint to this Court on November 15, 2013, *see* Dkt. No. 1, and on November 19, 2013, Defendant filed the instant motion to dismiss based on *forum non conveniens*, or in the alternative, to transfer venue of this matter to the United States District Court for the District of Nevada.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a district court may dismiss an action for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Alternatively, the court may elect to transfer the action to a more appropriate venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877, n.3 (3d Cir. 1995)   The burden to show improper venue is on the moving party. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). In ruling on a Rule 12(b)(3) motion, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Bookman v. First Am. Marketing Corp.*, 459 F. App'x 157 n.1 (3d Cir. 2012) (citing *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)). The Federal Rules of Civil Procedure do not contain any specific venue provisions or requirements. The Court must determine whether venue is proper in accordance

---

[3]     Although the Complaint uses the term "assault," taken in the context of the pleadings, it is clear that Plaintiff is alleging that these two men physically attacked Plaintiff.

2

with nature of the action when deciding a motion to dismiss for improper venue. *Albright v. W.L. Gord & Associates, Inc.*, No. 02-304, 2002 WL 1765340, at *3 (D. Del. July 31, 2002) (citations omitted).

### III. DISCUSSION

Defendant argues, *inter alia*, that venue is improper in New Jersey and the Complaint should be dismissed because, other than Plaintiff's residence in New Jersey, all relevant facts supporting the cause of action arose in another jurisdiction, to wit, Nevada. Defendant further contends that most, if not all, witnesses other than Plaintiff are located in Nevada as well. Plaintiff argues in opposition that both he and another key witness, John Semico, are located in New Jersey, and further, that Defendant fails to carry its burden of demonstrating that it would be more convenient to litigate the action in the District of Nevada. After review of the parties' arguments, the Court determines that it is appropriate to transfer the instant action to the District of Nevada. *See Jumara v. State Farm Ins. Co.*, 55 F.3d at 877, n.3 (holding it proper for district court to invoke § 1404(a) to transfer venue even where motion sought outright dismissal of the action); *Grier v. Univ. of Pennsylvania Health Sys.*, No. 07-2475, 2007 WL 2900394 (D.N.J. 2007) (same).

Under 28 U.S.C. § 1404(a), district court is vested with discretion "to adjudicate motions to transfer according to an individualized, case by case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1998) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Specifically, section 1404(a) provides: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). In that regard, the purpose of section 1404(a) is to protect litigants, witnesses and the public against

unnecessary inconvenience and expense.  *Van Dusen*, 376 U.S. at 616.

When deciding whether transfer is appropriate, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of the parties, convenience of witnesses, or interests of justice)." *Jumara v. State Farm Ins. Co.*, 55 F.3d at 879.  Instead, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Id.*; *see also Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003).  Consequently, the "analysis is flexible and must be made on the unique facts of each case." *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)).

The first step in a court's analysis of a motion to transfer is to determine whether venue would be proper in the proposed transferee district.  *Clark*, 225 F. Supp. 2d at 337.  If so, the court must next establish whether the transfer is in the interest of justice by looking to "the private and public interests affected by the transfer." *Id.*; *see also Gulf Oil v. Gilbert*, 330 U.S. 501, 508-509 (1946) (evaluating private and public interest factors effected by transfer).

With respect to the threshold question of whether venue is proper in the proposed transfer district, Defendant contends that it is both (i) amenable to process in the District of Nevada, and (ii) Nevada recognizes the same cause of action that Plaintiff asserts in his Complaint.  *See* Def. Br., 5.  Plaintiff does not challenge these assertions.  In light of Defendant's willingness to accept service, and having reviewed Nevada case law that would support Plaintiff's cause of action, the Court finds that venue in the District of Nevada is proper.  *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991).

The next step in my analysis is to determine whether the private and public interests

under *Jumara* support transfer.  Beginning with the private interests, these include: the plaintiff's forum preference; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.  *Jumara*, 55 F.3d at 879.

Plaintiff initiated this action in New Jersey, and maintains that preference. Courts have considered a plaintiff's choice of forum as a significant factor in any determination of a transfer request, *e.g.*, *Shuttle v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), and I give Plaintiff's preference the appropriate weight, weighing against transfer.  On the other hand, Defendant appears to have no connection to New Jersey in this action, other than the fact that Plaintiff is a New Jersey resident who was a guest at one of Defendant's hotels.  Defendant's preference weighs in favor of transfer, although I give it lesser weight than Plaintiff's preference.  With this in mind, I turn to the other relevant factors.

The Court must also consider the convenience of the parties and witnesses.  Here, Plaintiff argues, that he its an 84 year old man who lives in New Jersey, and thus it would be more convenient for him to litigate the matter close to home.  The Court notes, however, that while Plaintiff argues that transfer to Nevada would be a great inconvenience, Plaintiff recently travelled to Nevada, and has not argued that he cannot physically or financially return.[4] Defendant conversely contends that it has no property or bank accounts or other physical presence in New Jersey.  The Court finds these facts to weigh slightly in favor of transfer.

---

[4] Indeed, it bears noting that the majority of Plaintiff's opposition brief—which itself is only four pages long, and not organized consistent with the requirements of the Local Rules—focuses on Plaintiff's substantive claim of negligence rather than any forum transfer analysis.

The remaining public interest factors all weigh in favor of transfer. The cause of action clearly arose in Nevada, not New Jersey. Furthermore, other than Plaintiff and one other witness to the incident itself, it remains uncontroverted that all other witnesses and evidence are located in Nevada, including the hospital where Plaintiff received medical attention following the alleged attack.[5] *See* Def. Br., Decl. of Barbara Collazo, ¶¶ 4-8 (noting that there would be at least eight employee-witnesses of Defendant relevant to this matter, all of whom are located in Nevada, as well as all video security evidence). In that vein, the Court must also consider the location of books and records. Again, any records—such as Defendant's security records and Plaintiff's hospital treating records—would be located in Nevada, not New Jersey. *See id.* at ¶ 8. Accordingly, I find that each of these factors supports transfer.

Turning to the public interest factors, I must consider: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-80 (internal citations omitted). Here, only Defendant has presented arguments concerning the public interest factors, arguing that each factor supports transfer. Defendant contends, and this Court agrees, that practical considerations, such as compelling the appearance in New Jersey of witnesses who live in a foreign state, favors transfer. Similarly, although New Jersey has an interest in ensuring its citizens are free from harm when travelling to another state, surely Nevada has an equally strong, if not stronger, interest in ensuring that businesses operate safely within its jurisdiction, thus this factor also favors transfer. Third, Nevada has an interest in

---

[5] For that reason, the Court gives little weight to Plaintiff's contention that medical evidence would come from an unnamed and unidentified doctor located in New Jersey.

having a local controversy decided at home, and, in that connection, the trial judge in the District of Nevada is certainly more likely to have a better knowledge of Nevada tort law—that law that appears to be applicable to Plaintiff's case—than this Court, which further favors transfer. *See, e.g.*, *Sandvik, Inc. v. Cont'l Ins. Co.*, 724 F. Supp. 303, 311 (D.N.J. 1989) (explaining that it is preferable to have cases decided by a court familiar with the applicable substantive law). Overall, review of these factors weighs heavily in favor of transfer.

After careful consideration of both the private and public interest factors given by the Third Circuit in *Jumara*, the Court finds that the only factors weighing against transfer are Plaintiff's choice of forum and the convenience to Plaintiff. Although these factors must be given appropriate weight in the transfer analysis, the Court nevertheless determines that because the vast majority of the other factors favor transfer—and because, apart from Plaintiff's residence, there is virtually no connection between this action and New Jersey—transfer of this matter to the District of Nevada is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court transfers this matter to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1404(a). Accordingly, the Court declines to address the other grounds for Defendant's motion to dismiss.

An order will be entered consistent with this Opinion.


Dated: April 14, 2014 /s/    Freda L. Wolfson
                                                                      Freda L. Wolfson, U.S.D.J.